**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARIS BENJAMIN** | : | |
| **RAMIREZ-ALVAREZ,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:13-cv-00949** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CHRISTOPHER GEORGE,** | : | |
| **Deportation Officer, United States** | : | **(Chief Magistrate Judge Carlson)** |
| **Immigration and Customs** | : | |
| **Enforcement Office, Department of** | : | |
| **Homeland Security, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Before the Court is Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 40), recommending that the Court grant Defendants Christopher George, Joshua Reid, Jennifer Ritchey, and Thomas Decker's motion to dismiss Plaintiff Aris Benjamin Ramirez-Alvarez's complaint (Doc. No. 33). Plaintiff has filed timely objections. (Doc. No. 41.) For the reasons that follow, the Court will adopt the Report and Recommendation, dismiss Plaintiff's complaint with prejudice, and overrule Plaintiff's objections.[1]

## I. BACKGROUND

On April 15, 2013, Plaintiff filed a Bivens action[2] against four federal officials employed

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics held that a plaintiff whose Fourth Amendment rights were violated by federal actors had a claim for damages in the absence of a statute granting a cause of action. 403 U.S. 388, 397 (1971). Bivens actions have been expanded beyond the scope of Fourth Amendment violations. See Carlson v. Green, 446 U.S. 14 (1980) (recognizing a Bivens claim for an Eighth Amendment

by the United States Immigration and Customs Enforcement Office ("ICE"), asserting that the officials violated his due process rights by falsely noting in his immigration records that he had admitted to being a member of the Salvadorean gang, MS-13. (Doc. No. 1 ¶ 10.) Plaintiff asserts that the inclusion of this allegedly false information violated his rights to due process and equal protection under the Fifth Amendment, as well as his right to be free from cruel and unusual punishment under the Eighth Amendment. (Id. ¶¶ 14, 16.) Specifically, Plaintiff argues that Defendants' inclusion of the allegedly false information in immigration reports was used to justify his continued detention, and that Defendants "purposefully ignored risks to Plaintiff suffering irreparable harm" in violation of the Fifth Amendment. (Id. ¶¶ 10, 14.) Plaintiff further contends that Defendants "knowingly raised Plaintiff's risks to his life, liberty, health, and safety," in violation of the Eighth Amendment, because he expects to face torture, persecution, and/or violence as a result of being labeled a member of MS-13. (Id. ¶ 17.) Plaintiff also claims that he suffered anxiety and experienced post-traumatic symptoms as a result of his continued detention and fears related to his allegedly false association with MS-13. (Id. ¶ 10.)

On October 31, 2013, Defendants filed a motion to dismiss Plaintiff's complaint, contending that the Court lacked jurisdiction over any claims brought against Defendants in their official capacities, and also arguing that Plaintiff failed to state a claim upon which relief can be granted. (Doc. No. 33.) Alternatively, Defendants argue that they are entitled to qualified immunity. (Id.) On March 20, 2014, Magistrate Judge Carlson issued a Report and

---

violation); Davis v. Passman, 442 U.S. 228 (1979) (recognizing a Bivens claim for a due process violation).

Recommendation, recommending the Court grant Defendants' motion to dismiss with prejudice. (Doc. No. 40 at 41.) On March 31, 2014, Plaintiff filed timely objections in the form of a letter to the Court. (Doc. No. 41.) The Court will address Judge Carlson's recommendations and Plaintiff's objections thereto in turn.

## II. DISCUSSION

### A. Defendants' argument that the Court lacks jurisdiction over the matter

Magistrate Judge Carlson first recommends that the Court dismiss Plaintiff's claims against Defendants in their official capacities, because "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (Doc. No. 40 at 15.) F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008). Plaintiff's objections do not address the recommendation that sovereign immunity applies. (See Doc. No. 41.) The Court finds no error in Magistrate Judge Carlson's analysis, and accordingly will adopt the recommendation that Plaintiff's claims against Defendants in their official capacities are barred by the doctrine of sovereign immunity.

### B. Defendants' argument that Plaintiff fails to state a Bivens claim

Magistrate Judge Carlson next recommends the Court grant Defendants' motion to dismiss Plaintiff's Bivens action for failure to state a claim. (Doc. No. 40 at 27.) The United States Supreme Court has instructed that courts should remain hesitant in recognizing new Bivens causes of actions, because "any freestanding damages remedy for a claimed constitutional violation has to represent a judgment about the best way to implement a

constitutional guarantee; it is not an automatic entitlement no matter what other means there may be to vindicate a protected interest . . . ." Wilkie v. Robbins, 551 U.S. 537, 550 (2007). Thus, the Supreme Court has held that Bivens relief should not be extended in circumstances where: (1) a plaintiff has an alternate, existing process to raise his constitutional claim; or (2) in the absence of an available alternative, there are "special factors" indicating the Court should not recognize a new cause for a Bivens action. Wilkie, 551 U.S. at 550. Although the Supreme Court has recognized Bivens claims for specific violations of the Fifth and Eighth Amendments, it has not done so for claims directly involving a plaintiff's immigration removal proceedings. Further, the United States Court of Appeals for the Third Circuit has suggested that "[t]here may be special factors counseling hesitation in finding a Bivens claim . . . if appellant has an effective remedy available through habeas corpus." Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).

Applying the Wilkie test, Magistrate Judge Carlson recommends that the Court decline to recognize Plaintiff's Bivens claim because it "relate[s] directly to his ongoing detention," and therefore Plaintiff was able to, and did, seek the "well-established alternative legal process" of habeas corpus "to obtain an effective remedy." (Doc. No. 40 at 20.) See also Ramirez-Alvarez v. Decker, No. 1:12-cv-2126 (M.D. Pa. 2014). He further recommends that, "other factors" also indicate that the Court should not recognize Plaintiff's Bivens claim. (Doc. No. 40 at 26.) Specifically, Magistrate Judge Carlson notes that because "complexity and comprehensiveness of the existing remedial system is another factor . . . counseling hesitation before allowing a Bivens remedy," and Plaintiff's claims implicate the Immigration Nationality Act (INA), a comprehensive statutory scheme for immigration and naturalization regulation, the Court should

not recognize Plaintiff's Bivens claim. (Id. at 26) (quoting Mirmehdi v. United States, 689 F.3d 975, 982 (9th Cir. 2012), cert. denied, 133 S.Ct. 2336 (2013)). Thus, he recommends the Court find that Plaintiff's circumstances satisfy the Wilkie test, and that "an additional Bivens remedy is not warranted in this particular context." (Id. at 23.)

Plaintiff offers no specific objection to the recommendation that the Court find the complexity and comprehensiveness of the INA cautions against recognizing Plaintiff's Bivens claim. (See Doc. No. 41.) Finding no error in Magistrate Judge Carlson's legal analysis, the Court will adopt his recommended finding that the comprehensive nature of the INA counsels against recognizing Plaintiff's Bivens claim. (See Doc. No. 40 at 27.)

However, Plaintiff objects to Magistrate Judge Carlson's recommendation that habeas corpus provided him an alternative remedy, and argues that the purpose of his Bivens claim "was not to seek an end to [his] detention," but "to assert that the defendants' false statements have put [him] in unnecessary danger that could have a variety of repercussions for the rest of [his] life." (Doc. No. 41 at 1.) In essence, Plaintiff argues that because his Bivens action was not intended to challenge his detention, as was his petition for habeas corpus, the Court should not consider habeas corpus to be an available, existing process to raise his constitutional claims, and therefore should recognize an implied cause of action for his Bivens claim. (Id.)

Plaintiff's objection is unpersuasive. The Court finds that because Plaintiff's detention was based in part on ICE's allegedly false information that he was a member of MS-13, Plaintiff had the opportunity to claim that Defendants' use of this information violated his Fifth and Eighth Amendment rights when he challenged his detention through a petition for habeas corpus. See Ramirez-Alvarez, No. 1:12-cv-2126 (M.D. Pa. 2014). Despite Plaintiff's objection to the

contrary (see Doc. No. 41 at 1), the Court finds Plaintiff's habeas petition provided an available, existing process through which he could assert constitutional challenges under the Fifth and Eighth Amendments. The Court thus finds that the first prong of Wilkie is satisfied, and Bivens relief under these circumstances is not warranted. Accordingly, the Court will adopt Magistrate Judge Carlson's recommendation that Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim be granted.

**C. Defendants' argument for qualified immunity**

Finally, Magistrate Judge Carlson recommends that were the Court to recognize Plaintiff's Bivens action, it should find Defendants entitled to qualified immunity. (Doc. No. 40 at 41.) Although the Court will not recognize Plaintiff's Bivens claim, it will nonetheless address qualified immunity. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials are entitled to qualified immunity unless "the facts alleged [taken in the light most favorable to the party asserting injury] show the officer's conduct violated a constitutional right," and "the right was clearly established" at the time of the officials' conduct. Saucier v. Katz, 533 U.S. 194, 201 (2001). A right is "clearly established" when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. Courts may address the prongs of the Saucier qualified immunity test in either order. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

**1. Defendants' argument for qualified immunity as to Plaintiff's Fifth Amendment claims**

Magistrate Judge Carlson recommends the Court find that Defendants' conduct did not

violate Plaintiff's Fifth Amendment rights to substantive due process, equal protection, or procedural due process, and thus Defendants are entitled to qualified immunity. (Doc. No. 40 at 31-40.) The Court will address the recommendations regarding each of Plaintiff's Fifth Amendment claims in turn.

Magistrate Judge Carlson first recommends the Court find Defendants are entitled to qualified immunity as to Plaintiff's substantive due process claim, because Plaintiff has failed to establish that Defendants' conduct violated his constitutional rights. (Doc. No. 40 at 31-32.) Plaintiff does not specifically object to the recommendation regarding Defendants' claim for qualified immunity. (See Doc. No. 41.) However, in his complaint Plaintiff asserts that Defendants violated his substantive due process rights by "fail[ing] to respond to Plaintiff's requests to correct the false claim of him admitting in the past to being a member of the violent criminal street gang MS-13," and by failing to "meaningfully and impartially review the Plaintiff's custody status." (Doc. No. 1 ¶ 14) (internal citations omitted). Thus, construing the argument liberally, Plaintiff contends that ICE's use of allegedly false information regarding his MS-13 status resulted in his improper detention in violation of the Fifth Amendment's substantive due process guarantee.

Detention pursuant to immigration proceedings is generally "a constitutionally valid aspect of the deportation process," but such detention may violate due process if it is unusually prolonged or if other special circumstances exist. Denmore v. Kim, 538 U.S. 510, 523 (2003); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Magistrate Judge Carlson recommends the Court find that Plaintiff's "bare allegation that four ICE officers included information in his custody records about his past admission to gang affiliation" does not assert a constitutional

violation. (Doc. No. 40 at 31.) Magistrate Judge Carlson suggests that Plaintiff's substantive due process rights were not violated by his detention, because ICE's decision to detain Plaintiff was based on many factors other than the allegedly false information that Plaintiff was a member of MS-13, including Plaintiff's past criminal convictions and arrests, as well as his risk of flight. (Id. at 32.) He therefore recommends the Court find that Defendants did not violate Plaintiff's substantive due process rights by considering and/or failing to correct the allegedly false information, and thus Defendants are entitled to qualified immunity on the matter. (Id.); (see also Doc. No. 1 ¶ 14.) The Court finds no legal error in Magistrate Judge Carlson's analysis. Accordingly, the Court will adopt the recommendation that Defendants are entitled to qualified immunity as to Plaintiff's substantive due process claim.

Magistrate Judge Carlson next recommends the Court find Defendants are entitled to qualified immunity for Plaintiff's equal protection claim. (Doc. No. 40 at 33.) To state a Fifth Amendment equal protection claim, a plaintiff must plead that he was "treated differently from persons who are similarly situated." Renshenki v. Williams, 622 F.3d 315, 337 (3d Cir. 2010) (internal citations omitted). Plaintiff asserts that Defendants violated his Fifth Amendment right to equal protection by failing "to correct the false claim of him admitting in the past to being a member of the violent criminal street gang MS-13." (Doc. No. 1 ¶ 14) (internal citations omitted.) Judge Carlson recommends the Court find Plaintiff has not established that Defendants violated his right to equal protection, because Plaintiff did not "allege that the defendants treated him differently from similarly situated persons, or acted with any discriminatory purpose." (Doc. No. 40 at 33.) Thus, he recommends the Court find Defendants are entitled to qualified immunity as to Plaintiff's equal protection claim. (Id. at 33-34.) Again, Plaintiff offers no

specific objections. The Court finds no legal error in Magistrate Judge Carlson's analysis regarding Plaintiff's equal protection claim. Accordingly, the Court will adopt the recommendation that Defendants are entitled to qualified immunity as to Plaintiff's equal protection claim.

Finally, Magistrate Judge Carlson recommends the Court find Defendants are entitled to qualified immunity as to Plaintiff's Fifth Amendment procedural due process claim. (Id. at 34.) "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal citations omitted). Once again, Plaintiff relies on the argument that Defendants' failure to correct the alleged mistake of his MS-13 affiliation amounted to a constitutional violation. (Doc. No. 1 ¶¶ 3-5.) Magistrate Judge Carlson recommends the Court find that Defendants' conduct did not violate Plaintiff's Fifth Amendment right to procedural due process, because "[i]n the context of the detention of aliens subject to removal proceedings . . . ICE officials are enjoined to evaluate the individual's threat to the community and his risk of flight," and Defendants did precisely that in Plaintiff's immigration proceeding. (Id. at 34) (quoting Chin Thon Ngo v. Immigration Naturalization Serv., 192 F.3d 390, 398 (3d Cir. 1999)). Thus, he recommends the Court find Defendants are entitled to qualified immunity because they did not violate Plaintiff's right to procedural due process under the Fifth Amendment. Plaintiff does not offer any specific objections to this recommendation. The Court finds no legal error in Magistrate Judge Carlson's analysis. Accordingly, the Court will adopt the recommendation that Defendants are entitled to qualified immunity as to Plaintiff's procedural due process claim.

**2. Defendants' argument for qualified immunity as to Plaintiff's Eighth Amendment claim**

Finally, Magistrate Judge Carlson recommends the Court find Defendants entitled to qualified immunity for Plaintiff's Eighth Amendment cruel and unusual punishment claim. (Doc. No. 40 at 36.)  Plaintiff claims that Defendants violated his right to be free from cruel and unusual punishment by falsely labeling him a member of MS-13, and "purposefully ignoring the risks to his life, liberty, health, and safety." (Doc. No. 1 ¶ 16.)  Magistrate Judge Carlson recommends the Court find that Plaintiff has not shown that Defendants's conduct violated his constitutional rights, and that Defendants are therefore entitled to qualified immunity.

Magistrate Judge Carlson first notes that claims such as Plaintiff's, which challenge pre-trial confinement, are analyzed under the Fifth Amendment's due process clause rather than the Eighth Amendment's cruel and unusual punishment clause. Bell v. Wolfish, 441 U.S. 520, 535 (1979); (Doc. No. 40 at 36.)  A plaintiff must then show he was subjected to unlawful pre-trial confinement that "amount[s] to punishment." Id.  However, if the confinement was an "incident of some other legitimate purpose," it does not constitute a constitutional violation. Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005) (internal citations omitted).  Magistrate Judge Carlson recommends the Court find Plaintiff has not stated a constitutional violation based on his pre-trial confinement, because, "[e]ven read liberally, the complaint fails to articulate in any plausible way that the defendants' statements about [Plaintiff's] MS-13 membership included in some of his custody records constitute 'punishment.'" (Doc. No. 40 at 37.)  Plaintiff offers no specific objections to Magistrate Judge Carlson's recommendation regarding his Eighth Amendment claim, and the Court finds no legal error therein.  Accordingly, the Court will adopt the recommendation that Defendants are entitled to qualified immunity for Plaintiff's "confinement" claim, because Plaintiff has not shown that Defendants' conduct violated his

constitutional rights.

## III.     CONCLUSION

After review of the Report and Recommendation and Plaintiff's objections thereto, the Court will adopt Chief Magistrate Judge Carlson's recommendations that Defendants' motion to dismiss Plaintiff's complaint be granted with prejudice, and alternatively, that Defendants are entitled to qualified immunity.  An order consistent with this memorandum follows.